J-S26029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                            :                PENNSYLVANIA
                            :
             v.                  :
                            :
                            :
BIVIANO PEREZ                   :
                            :
            Appellant        :    No. 342 MDA 2024

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003177-2017

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:              **FILED SEPTEMBER 12, 2024**

Appellant, Biviano Perez, appeals *pro se* from the February 5, 2024 order entered in the Court of Common Pleas of York County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9542-9546.  We affirm.

The record reveals that, on September 4, 2018, Appellant pleaded guilty to one count of manufacture, delivery, or possession with the intent to manufacture or deliver a controlled substance (heroin), 35 P.S. § 780-113(a)(3).  The trial court, upon accepting Appellant's guilty plea, deferred sentencing pending Appellant's successful completion of a heroin/opioid wellness court program.  N.T., 9/4/18, at 4.  On October 30, 2018, the trial court ordered that Appellant be removed from the wellness program, after ascertaining that Appellant no longer wished to participate in the program.  That same day, the trial court ordered a pre-sentence

investigation ("PSI") report and scheduled Appellant's sentencing hearing for January 2019.

On January 8, 2019, the trial court sentenced Appellant to 7 to 14 years' incarceration, with 128 days credit for time served. Appellant was ordered to pay the costs of prosecution, as well as a $5,000.00 fine, and the trial court found that Appellant was not eligible for the recidivism risk reduction inventive program. Appellant filed a timely post-sentence motion that the trial court denied on February 4, 2019.[1]

On January 21, 2020, this Court affirmed Appellant's judgment of sentence, and Appellant did not seek discretionary review with our Supreme Court. *Commonwealth v. Perez*, 246 MDA 2019, 2020 WL 359725, at *1 (Pa. Super. filed Jan. 21, 2020) (unpublished memorandum). As such, Appellant's judgment of sentence became final on February 20, 2020, upon expiration of time in which to file a petition for allowance of appeal with our Supreme Court.[2] 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes

_____

[1] While Appellant's post-sentence motion was pending, Appellant filed *pro se* a PCRA petition on January 23, 2019. On February 5, 2019, the PCRA court denied Appellant's petition without prejudice to file the same once his judgment of sentence became final.

[2] The certified record reveals that, on February 23, 2023, our Supreme Court, in a dispositional letter directed to the Court of Common Pleas of York County, stated that Appellant's petition for allowance of appeal filed on February 21, 2023, had been administratively closed on February 23, 2023. The untimely petition requested discretionary review of this Court's February 21, 2020 order (docketed at 246 MDA 2019), which affirmed Appellant's judgment of sentence. *See* Pa.R.A.P. 1113(a).

final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of [this Court] sought to be reviewed").

On September 1, 2020, Appellant filed *pro se* a PCRA petition. Counsel was appointed to represent Appellant. On January 8, 2021, PCRA counsel filed a **Turner**/**Finley**[3] no-merit letter and a petition to withdraw as counsel. On March 23, 2021, the PCRA court granted counsel's request to withdraw and provided Appellant with notice of its intent to dismiss his petition pursuant to

_____

The certified record further reveals that on May 25, 2023, our Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc*.

Neither Appellant's filing of an untimely petition for allowance of appeal nor a petition for leave to file a petition for allowance of appeal *nunc pro tunc* alters the date on which his judgment of sentence became final. **See Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (stating, the untimely filing of a petition for allowance of appeal with our Supreme Court "does not operate to circumvent the clear and unambiguous language contained in Section 9545(b)(3) by altering the date on which [a petitioner's] conviction became final"); *see also Commonwealth v. Scott*, 249 A.3d 1160, 2021 WL 630987, at *5 n.14 (Pa. Super. filed Feb. 18, 2021) (unpublished memorandum), *appeal denied*, 264 A.3d 332 (Pa. 2021).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); *see also* **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pennsylvania Rule of Criminal Procedure 907. On April 27, 2021, the PCRA court dismissed Appellant's petition. Appellant did not seek an appeal.

On September 28, 2023, Appellant filed *pro se* a subsequent PCRA petition. PCRA counsel was appointed to represent Appellant. On November 12, 2023, PCRA counsel filed a **Turner/Finley** no-merit letter and a petition to withdraw as counsel. On November 14, 2023, the PCRA court filed a Rule 907 notice of its intent to dismiss Appellant's petition. On January 4, 2024, Appellant filed *pro se* an amended PCRA petition. On January 8, 2024, the PCRA court granted PCRA counsel's petition to withdraw. On February 5, 2024, the PCRA court dismissed Appellant's petition. This appeal followed.[4]

Appellant raises the following issues for our review:

[1]. Was [Appellant's PCRA petition] timely due to ineffective counsel failing to inform him of the original [direct] appeal being denied [in] 2023?

[2.] Was prior counsel[] ineffective for failing to preserve a sentencing issue?

[3.] Is [Appellant's] sentence illegal under 18 Pa.C.S.A. § 7508(a)(7)(i) due to the weight [of the controlled substance (heroin)] being under [one gram]?

[4.] Did the trial court [err in failing] to file a statement [explaining its] upward departure from the Sentencing Guidelines under 42 Pa.C.S.[A.] § 9721(b)?

---

[4] Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant filed *pro se* his Rule 1925(b) statement, along with his notice of appeal, on March 4, 2024. In its Rule 1925(a) opinion, the PCRA court adopted the rationale set forth in the November 2023 **Turner/Finley** no-merit letter to support its order dismissing Appellant's petition.

Appellant's Brief at 7.[5]

Appellant's first issue challenges the PCRA court's dismissal of his September 28, 2023 petition, asserting that the PCRA court erroneously determined that his petition was untimely and that he failed to plead and prove one of the timeliness exceptions enumerated in Section 9545(b)(1). ***Id.*** at 10.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

---

[5] For ease of reference, we assigned page numbers to Appellant's unpaginated brief.

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. **Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, this Court affirmed Appellant's judgment of sentence on January 21, 2020, and Appellant did not seek a discretionary review with our Supreme Court. As such, Appellant's judgment of sentence became final on February 20, 2020, upon the expiration of time for seeking discretionary review with our Supreme Court.

To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until February 20, 2021, to file a timely PCRA petition. Appellant filed the instant petition on September 28, 2023, more than two years after the deadline for filing a timely PCRA petition. Consequently, Appellant's petition is patently untimely.[6] **Id.**

_____

[6] We note that the PCRA court erroneously adopted the portion of the **Turner/Finley** no-merit letter that stated the one-year time period in which to file a timely PCRA petition started to run on April 27, 2021, the date on which the PCRA court denied Appellant's September 1, 2020 petition. PCRA Court Opinion, 3/5/24; **see also Turner/Finley** No-Merit Letter, 11/12/23, at § D. As discussed *supra*, "a judgment becomes final at the conclusion of **direct review**, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's judgment of sentence became final on February 20, 2020, upon

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Here, Appellant, without citation to a specific exception under Section 9545(b)(1), asserts that his petition is timely because direct appeal counsel did not inform him that his judgment of sentence had been affirmed until January 2023. Appellant's Brief at 10; *see also* PCRA Petition, 9/28/23, at § 5. Appellant contends that direct appeal counsel did not communicate with him during the appellate process, and it was only after counsel communicated

_____

expiration of the time for seeking discretionary review with our Supreme Court. The PCRA court's order denying Appellant's September 1, 2020 petition did not affect the date on which Appellant's judgment of sentence became final.

with him in January 2023, that he learned his judgment of sentence had been affirmed. *Id.*

Appellant appears to assert the newly-discovered fact exception to the jurisdictional time-bar – namely that he only learned in January 2023, that his judgment of sentence had been affirmed. In *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020), our Supreme Court reiterated that the newly-discovered fact exception "renders a petition timely when the petitioner establishes that [']the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" *Small*, 238 A.3d at 1271, *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court explained that a PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner" based upon a circumstance-dependent analysis of the petitioner's knowledge. *Id.* at 1282-1283 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* (citation omitted). The *Small* Court defined "due diligence" as a "flexible concept that varies with the context of a given case[.]" *Id.* at 1284.

Here, the fact upon which Appellant's claim is predicated is that Appellant was unaware until January 2023, that his judgment of sentence had been affirmed by this Court in January 2020. In his September 1, 2020 PCRA petition, however, Appellant, in listing the prior actions taken to secure relief,

listed the affirmation of his judgment of sentence on direct appeal. PCRA Petition, 9/1/20, at § 8. Specifically, Appellant stated that this Court "affirmed the [trial] court's decision and sentence on January 21, 2020[.]" *Id.* Therefore, as of September 1, 2020, Appellant was aware that his judgment of sentence had been affirmed in January 2020, and he cannot now claim that this "fact" was only discovered in January 2023, for purpose of pleading and proving the newly-discovered fact exception to the jurisdictional time-bar.[7]

_____

[7] Couching his "fact" – knowledge of when his judgment of sentence was affirmed – in the context of an ineffective assistance of counsel claim does not establish the newly-discovered fact exception. Typically, allegations of ineffective assistance of counsel cannot be invoked as a newly-discovered fact pursuant to Section 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). In order to provide an exception to the jurisdictional time-bar, counsel's alleged ineffectiveness must have completely deprived the defendant of direct review. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272-1274 (Pa. 2007); *see also Commonwealth v. Peterson*, 192 A.3d 1123, 1131 (Pa. 2018). Here, Appellant alleges that direct appeal counsel was ineffective in failing to communicate the resolution of his direct appeal to Appellant until January 2023. Appellant's Brief at 10. As discussed *supra*, Appellant was aware of that his judgment of sentence had been affirmed, as evidenced in his September 1, 2020 PCRA petition.

Moreover, Appellant's claim that direct appeal counsel "abandoned" him during the direct appeal process does not successfully invoke the newly-discovered fact exception. Assuming *arguendo* that direct appeal counsel abandoned Appellant by not seeking discretionary review with our Supreme Court, Appellant was aware of this "fact" when he filed his September 1, 2020 PCRA petition. Assuming further for purpose of this discussion that Appellant learned this "fact" on September 1, 2020, then Appellant had until September 1, 2021 in which to file a petition invoking the newly-discovered fact exception. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a]ny petition invoking an exception provided in [Section 9545(b)(1)] shall be filed within one year of the date the claim could have been presented").

Therefore, we concur with the PCRA court, and the record supports, that Appellant's September 28, 2023 petition is untimely and without exception. Consequently, the PCRA was without jurisdiction to address the underlying claims, and this Court is without jurisdiction to address Appellant's claims on appeal.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/12/2024

---

Appellant's September 28, 2023 PCRA petition, which cited this "fact" to establish the newly-discovered fact exception, was filed more than one year **after** the claim could have been presented. Therefore, Appellant would not have been entitled to relief.